UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

▬▬▬▬▬▬▬▬▬ ■ ▬▬▬▬▬▬▬▬

Appeals No: 14-1341

▬▬▬▬▬▬▬▬▬ ■ ▬▬▬▬▬▬▬▬

**APRIL DEBOER,** *et al.*
**Plaintiffs-Appellees**

**v.**

**RICHARD SNYDER,** *et al.*
**Defendants-Appellants**

▬▬▬▬▬▬▬▬▬ ■ ▬▬▬▬▬▬▬▬

**DEFENDANT BROWN'S MOTION TO FILE STATEMENT
IN SUPPORT OF PLAINTIFFS-APPELLEES AND STATEMENT IN
SUPPORT OF PLAINTIFFS-APPELLEES**

▬▬▬▬▬▬▬▬▬ ■ ▬▬▬▬▬▬▬▬

On Appeal from the United States District Court
Eastern District of Michigan
Southern Division
Case No. 12-10285
Hon. Bernard A. Friedman

▬▬▬▬▬▬▬▬▬ ■ ▬▬▬▬▬▬▬▬

PITT, McGEHEE, PALMER & RIVERS, P.C.
Attorneys for Defendant Lisa Brown
Michael L. Pitt (P24429)
Beth M. Rivers (P33614)
Andrea J. Johnson (P74596)
117 W. Fourth Street, Suite 200
Royal Oak, Michigan 48067
(248) 398-9800

1

Now comes Defendant Lisa Brown in her official capacity as Clerk/Register of Deeds of Oakland County, by and through her attorneys Pitt, McGehee, Palmer & Rivers, PC, and moves this Court for leave to file a statement in support of Plaintiffs-Appellees in response to the State Defendants-Appellants' brief on appeal.

1.    On March 21, 2014, Judge Friedman, U.S. District Judge, Eastern District of Michigan, ruled the Michigan Marriage Amendment (MMA) unconstitutional as violative of the Equal Protection Clause of the United States Constitution.

2.    Throughout the litigation which resulted in Judge Friedman's ruling, Defendant Brown has taken a legal position inconsistent with the State Defendants-Appellants.  This legal position is consistent with the United States Constitution and consistent with Plaintiffs' legal position.

3.    On May 7, 2014, the State Defendants-Appellants filed their brief on appeal

4.    Due to Defendant Brown's unique position throughout this litigation as opposing State Defendants-Appellants and filing briefs in favor of Plaintiffs-Appellees' legal position, Defendant Brown requests that this Court grant her leave to file the statement in support of Plaintiffs-Appellees which is attached hereto.

WHEREFORE, for the foregoing reasons and the reasons stated in the accompanying brief, Defendant Brown respectfully requests that the Court file the attached Statement in Support of Plaintiffs-Appellees.

PITT, McGEHEE, PALMER, & RIVERS, PC

By:    */s/Beth M. Rivers P36614*
       Michael L. Pitt   (P24429)
       Beth M. Rivers (P33614)
       Andrea J. Johnson (P74596)
       Attorneys for Defendant Brown
       117 West Fourth Street, Suite 200
       Royal Oak, Michigan 48067
       (248) 398-9800

Dated:   June 10, 2014

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

━━━━━━━━━━━━━━━━■━━━━━━━━━━━━━━━

Appeals No:  14-1341

━━━━━━━━━━━━━━━━■━━━━━━━━━━━━━━━

**APRIL DEBOER, *et al.***
**Plaintiffs-Appellees**

**v.**

**RICHARD SNYDER, *et al.***
**Defendants-Appellants**

━━━━━━━━━━━━━━━━■━━━━━━━━━━━━━━━

**DEFENDANT BROWN'S STATEMENT
IN SUPPORT OF PLAINTIFFS-APPELLEES**

━━━━━━━━━━━━━━━━■━━━━━━━━━━━━━━━

On Appeal from the United States District Court
Eastern District of Michigan
Southern Division
Case No. 12-10285
Hon. Bernard A. Friedman

━━━━━━━━━━━━━━━━■━━━━━━━━━━━━━━━

PITT, McGEHEE, PALMER & RIVERS, P.C.
Attorneys for Defendant Lisa Brown
Michael L. Pitt (P24429)
Beth M. Rivers (P33614)
Andrea J. Johnson (P74596)
117 W. Fourth Street, Suite 200
Royal Oak, Michigan 48067
(248) 398-9800

i

# TABLE OF CONTENTS

I.     Introduction……………………………………………………………..·1

II.    Defendant Brown's Role in the Proceedings Below………………………...2

III.   Defendant Brown's Testimony at Trial……………………………………...3

IV.    The Trial Court's Ruling……………………………………………………4

V.     Defendant Brown's Position on Appeal………………………………..5

VI.    Conclusion………………………………………………………………...8

Certificate of Compliance……………………………………………………10

Certificate of Service……………………………………………………...11

## INDEX OF AUTHORITIES

*Baker v. Nelson*

409 U.S. 810 (1971)……………………………………………………7, 8

*Hicks v. Miranda*

422 U.S. 332, 344 (1975)…………......................................................8

*Loving v. Virginia*

388 US 1 (1967)……………………………………………………6

*Mandel v. Bradley*

432 U.S. 173, 176 (1977)……………………………………………8

*Montgomery v. Carr*

101 F.3d 1117 (6th Cir. 1996)…………………………………………..6

*Romer v. Evans*

517 U.S. 620 (1996)……………………………………………………8

*U.S. v. Windsor*

133 S.Ct. 2675 (2013)……………………………………………1, 6, 7

*Windsor, Lawrence v. Texas*

539 U.S. 558 (2003)……………………………………………………8

*Zablocki v. Redhail*

434 US 374 (1978)…………………………………………………..6

# I.    Introduction

In November 2012, after the filing of Plaintiffs' lawsuit challenging the Michigan Marriage Amendment (hereinafter "MMA" or "amendment"), Lisa Brown was elected to the position of Oakland County Clerk. As Oakland County Clerk, Defendant Brown is charged with issuing marriage licenses, recording death certificates, and recording deeds, among other duties.  She took office on January 1, 2013, swearing to "support the Constitution of the United States and the constitution of this state." Exh. A, Oath of Office.

Defendant Brown's understanding of the United States Constitution, as well as the Supreme Court's decision in *U.S. v. Windsor,* 133 S.Ct. 2675 (2013), leads her to the unavoidable conclusion that the MMA is unconstitutional both on equal protection and due process grounds.   According to her understanding of the Fourteenth Amendment, access to marriage is a fundamental right which cannot constitutionally be infringed by the State without compelling justification. Moreover, the State has not advanced a single justification showing that the MMA meets even rational basis review.

For these reasons, Defendant Brown cannot defend the MMA.  She submits this Statement in Support of Plaintiffs-Appellees and requests that the Court affirm the trial court's decision in full and invalidate the MMA.  As soon as she is

permitted to do so, Defendant Brown will issue marriage licenses to otherwise qualified same sex couples.

## II.    Defendant Brown's Role in the Proceedings Below

On January 23, 2012, Plaintiffs April DeBoer and Jayne Rowse, an unmarried same sex couple, filed suit against Governor Snyder and Attorney General Schuette in their official capacities. Plaintiffs challenged Michigan's adoption laws, which prevented the couple from adopting children together, as a violation of equal protection.

On October 3, 2012, the Plaintiffs amended their complaint to add a challenge to the MMA on due process and equal protection grounds. Plaintiffs added Bill Bullard, Jr., Oakland County Clerk, as a Defendant in the case due to his role issuing marriage licenses. In early November 2012, all the State Defendants and Defendant Bullard filed motions to dismiss the amended complaint.

In November 2012, Defendant Brown was elected to the position of Oakland County Clerk.   She took office on January 1, 2013, while Bullard's motion to dismiss was pending.   In accordance with her oath of office to uphold the Constitution of the United States, Defendant Brown withdrew Bullard's pending motion to dismiss the amended complaint.

Upon order of the court, the State Defendants and Defendant Brown filed answers to the amended complaint. Defendant Brown did so by admitting that the MMA violated the United States Constitution.

Soon thereafter, the parties filed cross motions for summary judgment. Defendant Brown wrote in support of Plaintiffs' motion for summary judgment and opposed the State Defendants' motion.

The trial court denied the motions and scheduled a trial to determine whether the alleged rationales for the MMA advanced by the State Defendants serve a legitimate state interest.

### III.    Defendant Brown's Testimony at Trial

The trial focused on whether there was a rational basis justifying the MMA. The State Defendants offered up the following as legitimate state interests: (1) encouraging an optimal environment for child rearing; (2) proceeding with caution before changing/redefining traditional marriage; and (3) tradition and morality. Findings of Fact and Conclusions of Law at 20 (hereinafter "Opinion").

The trial focused on testimony from social science experts.    Defendant Brown did not produce or examine any witnesses, but did testify before the court in order to state her position.

Defendant Brown testified that Michigan county clerks may not consider stability of the relationship of the applicants, parenting skills, likely future

outcomes of children, or ability to procreate when asked to issue a marriage license.  In fact, Michigan county clerks merely request verification of the current marital status, age, and residency of the applicants.  Brown, Trial Tr. 3/3/14 pp 32-40.

The trial court found Brown's testimony "highly credible" and gave it "great weight." Opinion at 11.

### IV.    The Trial Court's Ruling

The trial court ruled that the "MMA impermissibly discriminates against same-sex couples in violation of the Equal Protection Clause because the provision does not advance any conceivable legitimate state interest." Opinion at 18.  The trial court declined to rule on whether the MMA also violated the Due Process Clause.

Reviewing and relying upon the evidence produced at trial, the trial court rejected the justification that the MMA encourages an optimal environment for child rearing.  The trial court accepted Plaintiffs' witnesses and Defendant Brown as credible witnesses.  It gave great weight to the testimony of Plaintiffs' experts and rejected the testimony offered by the State Defendants' witnesses.

The trial court found that scientific evidence does not support the State's claim that the MMA was justified in order to encourage optimal child outcomes; indeed, the trial court found that the evidence supports the opposite conclusion.

That is, there is no difference in the outcome of children raised by different sex couples and those raised by same sex couples, and the MMA actually encourages instability for children of same sex couples. Opinion at 21-22. The trial court also noted that the State did not take into account procreation when issuing marriage licenses.

The trial court also rejected the notion that the MMA was justified because the State should proceed with caution before altering traditional marriage. It noted that when constitutional rights were at stake, the State must provide some rationale beyond the claim that it wants to proceed with caution. Finally, the trial court rejected the underlying notion that tradition or morality was sufficient to justify the MMA.

Same sex couples immediately began applying for marriage licenses after Judge Friedman's ruling on the evening of Friday, March 21, 2014. Approximately 323 marriage licenses were issued to same-sex couples state-wide in the hours after Judge Friedman's ruling and before this Court's temporary stay. At least 130 of those licenses were returned to be processed in Oakland County for filing. Exh. B, Affidavit of Brown.

## V.     Defendant Brown's Position on Appeal

Judge Friedman fully considered the merits of this case, held a two-week trial, and issued well-reasoned findings of fact and conclusions of law which are

entitled to deference.  For the reasons stated in Judge Friedman's opinion, the MMA does not pass even rational basis scrutiny and is unconstitutional under the Equal Protection Clause of the Fourteenth Amendment. In addition, although the trial court did not reach this issue, the MMA is also unconstitutional under the Due Process Clause of the Fourteenth Amendment because it is a direct and substantial interference with the fundamental right to marry. *See Zablocki v. Redhail,* 434 US 374 (1978); *Loving v. Virginia,* 388 US 1 (1967); *Montgomery v. Carr,* 101 F.3d 1117 (6th Cir. 1996).  Because the factual findings and legal precedent support Judge Friedman's finding that the MMA is unconstitutional, the State Defendants-Appellants' appeal must fail.

Defendant Brown anticipates that Plaintiffs' brief will further demonstrate that the justifications proffered by the State are irrational and the trial court's opinion should be affirmed in all respects.  Brown supports and joins in Plaintiffs' arguments on this issue.

In addition, it is important for this Court to note that the justifications advanced by the State are almost identical to the justifications implicitly rejected by the Supreme Court in *Windsor.*  Specifically, the Bipartisan Legal Advisory Group of the United States House of Representatives argued, in part, that the federal government could rationally defend the traditional definition of marriage to promote responsible procreation and child rearing. (Exh. C, BLAG's Br. on

Merits).  The Supreme Court did not merely accept these justifications without question as the State Defendants ask this Court to do.  It examined whether DOMA actually had an effect congruent with this purported rational basis justification, and found that it did not.  The Court declared that instead of helping children, DOMA actually humiliated children and inflicted harm on same-sex family units. *Windsor,* 133 S.Ct. at 2694.  These bases were insufficient to justify DOMA, and they are likewise insufficient to justify the MMA.   The trial court's decision that the MMA does not survive rational basis review is sound.

Furthermore, no federal court that has ruled on this issue since the United States Supreme Court decision in *Windsor* has found same-sex marriage bans to be constitutionally valid.  Each and every federal court that has addressed this issue post-*Windsor* found such bans to be unconstitutional.

Finally, *Baker v. Nelson,* 409 U.S. 810 (1971), does not control the outcome of this case.   In *Baker,* the Supreme Court summarily dismissed a challenge to a ruling of the Minnesota Supreme Court that a same sex marriage ban was valid under the Fourteenth Amendment.  The Supreme Court decided, without briefs or oral argument, that the appeal was "dismissed for want of a substantial federal question."

A summary dismissal for want of a substantial federal question "remains a decision on the merits of the precise questions presented except when doctrinal

developments indicate otherwise." *Hicks v. Miranda,* 422 U.S. 332, 344 (1975) (internal quotes omitted). In the four decades since *Baker* was decided, there have been significant doctrinal shifts which indicate that *Baker* is not dispositive of the case currently before this Court. Most notably, those doctrinal shifts are demonstrated by *Windsor, Lawrence v. Texas,* 539 U.S. 558 (2003), and *Romer v. Evans,* 517 U.S. 620 (1996).

Furthermore, a summary dismissal like *Baker* is binding only "on the <u>precise</u> issues presented and necessarily decided." *Mandel v. Bradley,* 432 U.S. 173, 176 (1977) (emphasis added). The constitutional validity of the MMA was not the precise issue presented in *Baker;* therefore, it is not binding.

## VI.   Conclusion

Defendant Brown knows, as we all do, that committed same sex couples live together as a family, raise children together, provide financial stability for each other, assist each other in time of illness, help each other's family members, and at the end of life they are there to provide comfort and say goodbye. There is no evidence on the record supporting any rational reason why they should be banned from doing so as a married couple.

Same sex couples may not lawfully be denied the right to marry. The trial court correctly determined that the MMA violates equal protection because the rationales advanced by the State Defendants do not meet even rational basis

scrutiny.  Defendant Brown requests that this Court affirm the trial court's opinion in full.

PITT, McGEHEE, PALMER, & RIVERS, PC

By:    */s/Beth M. Rivers P33614*
      Michael L. Pitt   (P24429)
      Beth M. Rivers (P33614)
      Andrea J. Johnson (P74596)
      Attorneys for Defendant Brown
      117 West Fourth Street, Suite 200
      Royal Oak, Michigan 48067
      (248) 398-9800

Dated:   June 10, 2014

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing Brief complies with the type-volume limitation provided in Fed. R. App. P. 32(a)(7)(B) because it has fewer  than 14,000 words in Times New Roman (14 point) proportional type. The word processing software used to prepare this Brief was MS Word 2010 for Windows 7.

PITT, McGEHEE, PALMER, & RIVERS, PC

By:    */s/Beth M. Rivers P33614*
Michael L. Pitt   (P24429)
Beth M. Rivers (P33614)
Andrea J. Johnson (P74596)
Attorneys for Defendant Brown
117 West Fourth Street, Suite 200
Royal Oak, Michigan 48067
(248) 398-9800

Dated:   June 10, 2014

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **June 10, 2014**, the foregoing document was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

PITT, McGEHEE, PALMER, & RIVERS, PC

By:    <u>*/s/ Beth M. Rivers P33614*</u>
        Michael L. Pitt   (P24429)
        Beth M. Rivers (P33614)
        Andrea J. Johnson (P74596)
        Attorneys for Defendant Brown
        117 West Fourth Street, Suite 200
        Royal Oak, Michigan 48067
        (248) 398-9800

Dated:   June 10, 2014